UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:10-cv-01817-RAL-TBM

VALERIE BLANCO, on behalf of
herself and those similarly situated,

    Plaintiff,

vs.

AMPCO SYSTEM PARKING, INC.

    Defendant.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff VALERIE BLANCO ("Plaintiff") and Defendant AMPCO SYSTEM PARKING. ("Defendant") (collectively referred to where appropriate as the "Parties"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement. The following is stated in support:

**I.    STATEMENT OF FACTS**

1.    On August 13, 2010, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"). See Docket No. 1. Plaintiff styled his lawsuit as a collective action, and stated in her Complaint that she filed the action on behalf of a class of similarly situated individuals. Id. No individuals have filed notices and/or consents seeking to join the instant action. Thus, this matter has proceeded to date as a single plaintiff action.

2.    Plaintiff alleges that, until June 2009, she worked through lunch each day of her employment with Defendant without receiving any compensation for such working time. Plaintiff alleges that her regular rate of pay was $10.83, and that Defendant owes her 2.5 hours

per week in unpaid overtime wages for a period of 94 workweeks. The total amount of overtime damages that Plaintiff claimed to be owed is $3,817.58 ($10.83 x 1.5 x 2.5 x 94).

3. Defendant denies the allegations being made by Plaintiff in this action, and thus denies that Plaintiff is entitled to any recovery under the FLSA. Irrespective of any dispute over the merits, Defendant asserts that Plaintiff's alleged damages ignore the fact that there were multiple workweeks during the relevant time period when Plaintiff was on vacation, out sick, and/or simply worked less than the requisite number of hours that would entitle her to any overtime (even if the alleged 2.5 hours of unpaid lunch time were added to her total hours worked). Defendant asserts that, with such workweeks removed, there are only 79 workweeks at issue in this action. Thus, Defendant asserts that, irrespective of any dispute over the merits, the maximum amount of overtime damages that Plaintiff could recover in this action is $3,208.39 ($10.83 x 1.5 x 2.5 x 79).

4. In accordance with applicable local rules, the parties discussed the possibility of settlement at the Case Management and Scheduling Conference, and continued to discuss the possibility of settlement after the Conference as well. As a result of these settlement discussions, the parties have reached an agreement to settle the instant action. During these discussions, Plaintiff ultimately agreed that there are only 79 workweeks at issue in this action.

5. The parties agree that the settlement is a fair and reasonable resolution of Plaintiff's claims.

6. A written Settlement Agreement and General Release has been prepared that memorializes the terms of the settlement. In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement reached in this matter.

## II. ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id.

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, they have agreed to settle all claims in this dispute through the execution of a Settlement Agreement and General Release ("Settlement Agreement"). The parties represent that, in accordance with the terms of the Settlement Agreement, Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs.[1] Defendant agreed to separately pay Plaintiff attorney's fees and costs. Since Plaintiff is receiving full damages without compromise, the attorney's fees/costs in this matter do not compromise her recovery and do not require judicial review. See Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075, *15-16 (M.D. Fla. Aug. 4, 2009).

The parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential. In accordance with that desire, as an alternative to filing the Settlement Agreement, the parties would like to present the Agreement to the Court, in its written form, for

---

[1] The specific apportionment of the total settlement sum between wages for Plaintiff and fees/costs for Plaintiff's counsel is identified in the Settlement Agreement.

3

an *in camera* review, so that the Court can review the document without waiving the confidential nature of the Settlement Agreement via a public filing.

The parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter. The terms of the Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement.[2]

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement entered into by the parties to the instant action.

DATED this 12th day of October 2010.

Respectfully submitted,

| | |
|---|---|
| **MORGAN & MORGAN, P.A.** <br> 20 N. Orange Avenue, 14th Floor <br> P.O. Box 4979 <br> Orlando, Florida 32802-4979 <br> Tel: (407) 420-1414 <br> Fax: (407) 420-5956 | **LITTLER MENDELSON, P.C.** <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1500 <br> Miami, Florida 33131 <br> Telephone: (305) 400-7500 <br> Facsimile: (305) 603-2552 |
| /s/ *Carlos V. Leach* <br> Carlos V. Leach, Esq. <br> Florida Bar No. 0540021 <br> E-mail: *cleach@forthepeople.com* <br><br> COUNSEL FOR PLAINTIFF | /s/ *Aaron Reed* <br> Lori A. Brown <br> Florida Bar No. 0846767 <br> E-mail: *labrown@littler.com* <br> Aaron Reed <br> Florida Bar No. 0557153 <br> E-mail: *areed@littler.com* <br><br> COUNSEL FOR DEFENDANT |

Firmwide:97826029.1 052796.1092

---

[2] Contemporaneously with the filing of this Joint Motion, the parties have also separately filed a Joint Stipulation for Final Order of Dismissal, with prejudice.